# NOVEMBER, 1911.

FIRST NATIONAL BANK OF HOUSTON V. J. I. CAMPBELL COMPANY ET AL.

No. 2231.  Decided November 1, 1911.

**1.—Receivers—Net Earnings—Mortgage.**

A vendor's lien expressly reserved in the sale of property is a mortgage within the meaning of article 1490, Revised Statutes, providing that claims existing against a corporation at the time of the appointment of a receiver shall be paid out of the earnings of such corporation while in his hands, to the exclusion of "mortgage action." (P. 459.)

**2.—Same.**

Article 1490, Revised Statutes, applies to receivership of all corporations, and is not limited to receivers of railway companies.  (Pp. 459, 460.)

**3.—Same—Mortgage Action.**

Article 1490, Revised Statutes, does not exclude from participation in the distribution of the earnings of a corporation while in the hands of a receiver all creditors secured by mortgage.  What is excluded is "mortgage action," which means mortgages whose holders have taken action to procure the appointment of a receiver.  (Pp. 460, 461.)

**4.—Same—Case Stated.**

Creditors and stockholders having procured the appointment of a receiver of the property of a corporation, and the receiver in operating its property having acquired net assets to a large amount, the holder of an express vendor's lien on a part of the corporate property, who had not acted in procuring the receivership,

.but had asserted his claim by intervention and foreclosure, the property failing to satisfy his debt on sale thereunder; was entitled to participate with unsecured creditors, as to his unsatisfied balance of debt, in the distribution of the net earnings made by the receiver.   (Pp. 459-461.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Harris County.

The bank, intervener in a receivership case, obtained writ of error on the affirmance by the Appellate Court of a judgment denying its right to participate, on final distribution, in the net earnings of the receivership.

*L. B. Moody,* for plaintiff in error.—As to the balance remaining due upon its debt, including interest up to the time of the appointment of the receivers, after crediting the proceeds of the sale of its securities, appellant was entitled to share in the net earnings of the rceivership, because, although it was a lien creditor, it was not a mortgage creditor, its security consisting of an express lien for purchase money reserved in the deed from the J. I. Campbell Company to the Tyler County Land & Lumber Company, and it is therefore not within the class of creditors who are, by article 1490 of the Revised Statutes, excluded from participation in net earnings.   Rev. Stats., arts. 1490, 624; Poarch v. Duncan, 91 S. W., 1110; Johnson v. Portwood, 34 S. W., 599.

When the property which constitutes the security of a lien creditor is seized by the court, and placed in the hands of a receiver upon the application of unsecured creditors, and operated by him for a number of years, resulting in large net earnings, and also resulting in a large depreciation in the value of the property, the lien creditor is entitled in equity to be reimbursed out of such net earnings for such depreciation in the value of the property constituting his security.

*Spotts & Matthews,* for defendants in error.—As to the balance remaining due upon its debt, after the proceeds of the sale of its securities had been credited thereon, the appellant was not entitled to share with the general or unsecured creditors in the net earnings arising from the operation of the properties of said company on which it (appellant) had a lien, its lien on the properties out of the operation of which the net earning arose being in effect a mortgage. Rev. Stats., arts. 1472, 1490; Randolph v. Farmers Loan & Trust Co., 91 Texas, 605; Farmers & Merchants Nat. Bank v. Waco Electric Ry. & Light Co., 36 S. W., 131; United States & Mexican Trust Co. v. Western Supply & Mfg. Co., 109 S. W. Rep., 385, and authorities therein cited; West End Town Co. v. Grigg, 93 Texas, 451; Ober v. Gallagher, 93 U. S., 199; 29 Am. & Eng. Enc. of Law, 781, 783; 27 Cyc., 981, 982.

Appellant's rights with respect to the property in the hands of the receiver were fixed by the conditions existing at the time of the appointment of the receiver, and having exhausted its securities and received the proceeds of the sale thereof by the receiver, it could not afterwards become such an unsecured creditor for the balance of the indebtedness due it as would entitle it to participate with the general

creditors in the distribution of the earnings, because the rights of such general creditors to the earnings became absolute upon the appointment of the receiver.    People v. American Loan & Trust Co., 172 N. Y., 279; United States ex rel. White v. Knox, 111 U. S., 784.

MR. JUSTICE RAMSEY delivered the opinion of the court.

In view of the disposition we shall make of this case it is deemed unnecessary to set out the facts at length.    They are fully and clearly stated in the opinion of the Court of Civil Appeals and reported in 133 S. W., 311.    It may be sufficient to state that the J. I. Campbell Company was placed in the hands of a receiver in February, 1905, in connection with the receivership granted of the business of the Tyler County Land & Lumber Company and the Warren & Corsicana Pacific Railway Company.    The receivership was granted upon the application of I. L. and S. M. Campbell, unsecured creditors of said concerns, as well as the stockholders therein.

Some time after this the First National Bank of Houston intervened in the case, setting up certain indebtedness, and seeking to foreclose a mortgage on a part of the property involved in the receivership.    Some litigation arose touching its debt and especially in respect to its claim for attorney's fees and interest which is unimportant in this case.

On appeal, touching these matters, the Court of Civil Appeals held, in effect, that as against the debtor the bank was entitled to recover both interest and attorneys' fees and directing, in a general way, the foreclosure of its mortgage, and that as to any sum which might remain unpaid after the satisfaction of its mortgage, it should share in the corpus of the estate remaining as any other unsecured creditor.

In a final judgment rendered in the District Court the plaintiff in error was admitted to share as an unsecured creditor in the proceeds of the property of the Tyler County Land & Lumber Company, but was denied the right to share as an unsecured creditor in the net earnings, which amounted to a large sum, derived in the operation of the receivership of said company's plant, and the question for adjudication is, was this a proper construction of article 1490 of the Revised Civil Statutes?    That article is as follows:

"Art. 1490.    All judgments, claims, or causes of action when determined, existing against any corporation at the time of the appointment of a receiver, shall be paid out of the earnings of such corporation while in the hands of the receiver, to the exclusion of mortgage action; and the same shall be a lien on such earnings."

It is asserted, among other things, by the plaintiff in error that a vendor's lien is not a mortgage within the contemplation of this statute.    We think that the conclusion of the Court of Civil Appeals on this question is correct, and that giving the statute that fair and liberal construction necessary and proper to carry into effect its evident purpose that it should be held that a lien such as that asserted by the plaintiff in error comes within the meaning of the general language of the statute.

It was also argued that it was the purpose of the article and that it was intended that its effect should be limited in its application

to mortgages given by a railroad company to secure its indebtedness. We do not think this contention is sound, for the reason that by its terms the article seems to relate to corporations generally and we ought not to restrict its meaning by undertaking to apply it solely to mortgages executed by any particular class of persons, corporate or natural. We are inclined to believe, however, upon careful reflection, that the statute in question was not intended to apply to a case such as this. It must be conceded that the language of the statute is somewhat vague and obscure and yet that it manifests a settled policy and evidences a clear purpose is, we think, fairly obvious. "Mortgage action" must have some relation to the appointment of the receiver, and the action to foreclose a mortgage being the basis for the appointment of a receiver that proceeding is within the meaning of the statute "mortgage action." The law gives to the mortgage creditor the full benefit of the mortgage by subjecting the *corpus of the property to his debt, but refuses to carry on the busi-*ness for his benefit. By his action the mortgage creditor destroys the means of paying other creditors, and, choosing his remedy, he must abide by his choice.

It will be noted that what is excluded from sharing in the earnings of a corporation while in the hands of a receiver is not a mortgage *debt,* but a mortgage *action.* This statute was enacted in pursuance and furtherance of what was evidently considered to be a wise public policy. In other words, it was thought desirable to provide that where persons holding a lien upon the property of a corporation took the initiative and secured the appointment of a receiver that it should not share in the earnings of the property of its plant during the receivership. The effect of this would be, of course, to. certainly discourage if it did not absolutely prevent collusive receiverships in which the creditor holding a lien might successfully delay the payment of an unsecured creditor and, if ultimately the property was sold, secure the proceeds of a sale of the corpus of its estate and at the same time share in the earnings of the plant while being operated by the receiver. It could, we think, have no application to a case where a receiver was appointed, not at the instance of the mortgage holder, and not as a result of a mortgage action, but without the concurrence, cooperation or consent of the mortgage holder. If it should be held that this statute applied and would defeat the participation by the mortgage holder in the earnings of the property during receivership where such receivership had been brought about by the action of the unsecured creditor, this would constitute an invitation if not an encouragement to receiverships of corporations by unsecured creditors who in this way could impound the property of such companies, secure their operation by a receiver and, to the exclusion of the mortgage holder, apply the earnings of such properties to the payment of their debts. In this case it should be remembered, too, that the bank held a mortgage on a part only of the property of the companies in question. It had taken no action until forced to do so by proper intervention after the grant of a receivership. In such case we think a true interpretation of the statute in question should entitle it to share in such earnings and that it is

not to be excluded therefrom, for the reason that in such case its suit was not a mortgage action within the contemplation of the statute.

The other questions raised, we think, were properly disposed of by the Court of Civil Appeals and require no further discussion.

For the error pointed out the cause will be reversed and remanded with instructions to the District Court to modify its decree and adjudge plaintiff in error entitled to participate in the net earnings of the company above named.

*Reversed and remanded with instructions.*