### GAUPEL v. LAKESIDE SUGAR REFINING CO. (RAYNOR, Intervener).

(Court of Civil Appeals of Texas. Galveston. June 25, 1913. Rehearing Denied July 1, 1913.)

CORPORATIONS (§ 566*) — RECEIVERSHIP PROCEEDINGS — PRIORITY OF CLAIMS — "MORTGAGE ACTION."

Under Rev. Civ. St. 1911, art. 2152, providing that all claims or causes of action when determined, existing against any corporation at the time of the appointment of a receiver, shall be paid out of its earnings, to the exclusion of the mortgage action, and be a lien upon such earnings, the term "mortgage action" does not merely mean a mortgage, but relates to the action whereby a mortgagee secures the appointment of a receiver, and hence the mortgagees, other than the one upon whose application a receiver is appointed, are entitled to share in the earnings of the receivership, so that they stand on the same footing as the holder of an unsecured claim, neither being entitled to priority; and hence an order giving a priority to an unsecured claim was reversible error.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2283–2286; Dec. Dig. § 566.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by H. J. Gaupel against the Lakeside Sugar Refining Company, in which H. W. Raynor intervened. Judgment for intervener, and George Herder, appointed as receiver in the action, appeals. Reversed and remanded.

W. L. Adkins, of Columbus, for appellant. Townsend, Quin & Townsend, of Columbus, for appellee.

McMEANS, J. In the suit of H. J. Gaupel against the Lakeside Sugar Refining Company,

George Herder was, by the district court of Colorado county, appointed receiver of the defendant company, and duly qualified. H. W. Raynor, holding an unsecured claim against the defendant company for $1,500 for services rendered as general manager of said company for the three months next preceding the appointment and qualification of the receiver, intervened in said suit, and prayed that his claim be allowed and approved, and that he be given a preference lien on all the moneys and income coming into the hands of the receiver, and that the receiver be directed to pay said claim. The intervention was resisted by the receiver who appeared and answered by general demurrer and general denial. The court after hearing the evidence rendered judgment in favor of intervener, establishing his debt as a preference claim, and directing the receiver to pay the same out of the earnings of the property in his hands in the due course of administration next after payment of all claims mentioned in article 2135, Revised Statutes 1911, and all receiver's certificates theretofore issued under the orders of the court. From this judgment the receiver has appealed.

By his first, second, and third assignments of error appellant complains that (1) the court erred in establishing intervener's claim as a preferred claim over mortgage claims due by the Lakeside Sugar Refining Company out of the earnings of the property in the receiver's hands; (2) in establishing intervener's claim as a preference claim over all claims other than those mentioned in article 2135, Revised Statutes 1911; and (3) in establishing said claim as a preference over unsecured creditors, other than mentioned in said article 2135.

The facts are undisputed. The receivership was initiated upon the petition of H. J. Gaupel, who sued the Lakeside Sugar Refining Company on an unsecured claim for $5,000. The validity of the debt of $1,500 due Raynor, the intervener, by the Lakeside Sugar Refining Company is not questioned. It is also undisputed that there were and now are a large number of debts due by the Lakeside Sugar Refining Company secured by mortgages which were duly filed in the county clerk's office of Colorado county before the claims of intervener accrued. The property of the Lakeside Refining Company consists of a sugar refinery and also a large plantation upon which cotton and corn are grown; and all this property is now in the hands of, and being operated by, the receiver.

The question presented for our determination, and the only one insisted upon by appellant, is whether Raynor's claim is entitled to a preference over claims secured by mortgage. This question calls for construction of article 2152, Revised Statutes 1911 (article 1490, Revised Statutes 1895), which reads as follows: "Article 2152. All judgments, claims, or causes of action when determined, exist-ing against any corporation at the time of the appointment of a receiver, shall be paid out of the earnings of such corporation while in the hands of the receiver, to the exclusion of the mortgage action; and the same shall be a lien on such earnings."

This article was construed by our Supreme Court in First National Bank v. J. I. Campbell & Co., 140 S. W. 430. In that case the J. I. Campbell Company was placed in the hands of a receiver in connection with the receivership granted of the business of other corporations, upon the application of unsecured creditors and stockholders of the several concerns. Some time after this the First National Bank of Houston intervened in the case, setting up certain indebtedness, and seeking to foreclose a mortgage on a part of the property involved in the receivership. On appeal touching this matter, the Court of Civil Appeals held, in effect, that as against the debtor the bank was entitled to a foreclosure of its mortgage, and that as to any sum which might remain unpaid it should share in the corpus of the estate remaining as any other unsecured creditor, but denied its right to participate with the unsecured creditors in the earnings. 133 S. W. 311. It was upon this holding by the Court of Civil Appeals that the Supreme Court granted a writ of error; and in determining the question held, that under the article of the statute quoted the term "mortgage action" does not merely mean a mortgage, but relates to the action whereby a mortgagee secures the appointment of a receiver; and hence that a mortgagee, other than the one upon whose application a receiver is appointed, is entitled to share in the earnings of the receivership. This decision is binding upon us, and practically settles the question under consideration adversely to the judgment of the trial court; for if the creditors of the corporation holding debts against it, secured by mortgage, are entitled to payment out of the earnings, they stand on the same footing as the appellee with reference to his unsecured claim, and therefore neither is entitled to preference or priority of payment over the other.

The concluding paragraph of the decree rendered in the district court is as follows: "But it is further ordered that if there be other claims established against defendant, the Lakeside Sugar Refining Company, and such be classified as preferred claims, and to be entitled to priority of payment out of the net earnings of said properties in the same class as that of intervener's, then it is ordered that all claims of such class shall be paid from said fund in proportion to the amount of said claims."

Evidently the court meant by the expression, "in the same class as that of intervener's" claims, that were unsecured, and to exclude from participation the secured claims. This is the construction placed upon the paragraph by the receiver, for he so complains

not only in this court, but in his motion for a new trial in the court below, and it is this construction that the appellee places upon it, for he insists in this court that he is entitled to the preference given him by the court's decree over the secured creditor. If this is what the court meant, then, under the decision of the Supreme Court above referred to, the decree is clearly erroneous. Since the secured claims are entitled equally with appellee's and other unsecured claims to payment out of the net earnings of the receivership in proportion to the amount of all such claims, the giving of a preference to the claim of appellee was such error as to require that the judgment be reversed and the cause remanded, for further proceedings in accordance with this opinion.

Reversed and remanded.