### WATKINS et al. v. ROBINSON.

### SAME v. ROBINSON et al.

#### (Nos. 9293, 9369.)

(Court of Civil Appeals of Texas. Dallas. Feb. 7, 1925. Rehearing Denied April 4, 1925.)

1. **Receivers** ⏂163 — **Lack of earnings of property during receivership precluded payment of claim, under statute authorizing payment from earnings.**

Lack of earnings of property during receivership precluded payment of claim, under Rev. St. art. 2135, authorizing payment from earnings.

2. **Receivers** ⏂152—**Superior lien, created by statute and arising from judgment rendered against receivership for cause of action during receivership, held not restricted to receivership instituted by mortgagee.**

The superior lien, created by Rev. St. art. 2138, against property in the hands of a receiver, based upon a judgment rendered against the receiver for a cause of action during the receivership, *held* not restricted to a receivership instituted by mortgagee, under article 2128, subd. 2.

3. **Receivers** ⏂142—**Property turned back by receiver is charged with lien arising against it by virtue of judgment against receiver for cause of action arising during receivership.**

The holder or purchaser of property, which is turned back by a receiver, receives the property charged with a lien which arose against it by virtue of a judgment had against the receiver for a cause of action arising during the receivership, in view of Rev. St. art. 2138.

⏂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Receivers ⬡➡71—Possession of receiver of hotel partnership property comprehended all property used by partnership as necessary for conducting and operating hotel business.**

Possession of receiver of hotel partnership property comprehended all property used by partnership as necessary for conducting and operating hotel business.

**5. Receivers ⬡➡77(3)—Property passing to receiver in second receivership held charged with lien created against such property under first receivership.**

Where a receiver took possession of property of a hotel partnership, and later took over all of the hotel property in a second receivership for partition purposes, the property coming into the hands of the receiver under the first receivership, and passing to the receiver as such in the second receivership, was charged with a lien created under Rev. St. art. 2138, against the partnership property under the first receivership, based on a judgment rendered on a cause of action arising during the first receivership.

**6. Receivers ⬡➡145—Proceeds of sale of property in hands of receiver in second receivership held charged with payment of judgment obtained in first receivership to extent judgment was lien against property sold.**

Where property, including partnership hotel property held by a receiver in the first of two receiverships, was sold under the second receivership, the court erred in not holding that so much of the proceeds of the sale of the property as belonged to the partnership was charged with payment of a judgment against the receiver rendered on a cause of action arising during the first receivership, in view of Rev. St. art. 2138.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

S. D. Watkins and another, as claimants, filed pleas of intervention in two receiverships, of which J. D. Robinson was receiver. From an adverse judgment in each case, claimants appeal. Reversed and rendered, with directions.

John White and W. A. Hudson, both of Dallas, for appellants.

Davis, Johnson & Handley, of Dallas, for appellees.

JONES, C. J. For reasons that are apparent from this decision, submission of these two causes was ordered for the same time and disposition of both causes will be made in one opinion.

Appellants filed a plea of intervention in two separate receivership cases in the district court. In the first-named cause the receivership involved a partnership existing between Percy S. Campbell and Roy C. Campbell for the operation of the hotel known as the "Campbell House," located in the city of Dallas at the corner of Elm and Harwood streets. The receiver was primarily appointed to wind up the partnership, with the additional power to operate the hotel pending the final dissolution of said partnership.

In the second-named cause the receivership involved the ownership of the hotel property together with another piece of property located on Elm street, and the receiver was primarily appointed for the purpose of making a partition between the owners of said property, with power to operate said hotel pending the sale of the property for the purpose of such partition.

The ownership of the hotel property was in Percy S. Campbell, Roy C. Campbell, E. J. Campbell, and Mrs. Annette Campbell Dawson O'Donnell, brothers and sister, each owning a one-fourth undivided interest. The question of certain equities existing in favor of some of the owners of this property and the Elm street property, determined by the judgment entered herein, do not enter into the questions involved on these appeals.

Appellee Robinson was appointed receiver of the partnership affairs on May 26, 1923, on an application made to the district court of Dallas county by Percy S. Campbell, and, while Roy C. Campbell did not formally consent to such receivership, yet he interposed no objection to same. As such receiver, Robinson was empowered and directed to take charge of the business and affairs of the partnership consisting of a hotel business operated "under leased premises and property at the corner of Harwood and Elm streets, Dallas, Texas," and also to prepare and file an inventory of the property and assets belonging to said partnership, together with a statement of the liabilities of said partnership. The receiver was further directed and empowered to continue to operate the hotel business, and given all powers necessarily incident to such purpose. This receiver took charge of and operated the hotel from June 1, 1923.

The partnership of the two brothers began in December, 1921, and their right to use the hotel and its furnishings for such business consisted in the ownership of a one-fourth undivided interest in said property by each of the partners, and leases of the remaining one-half undivided interest from the other two joint owners. The lease of the one-fourth undivided interest of E. J. Campbell was a written lease for five years from the date of the beginning of the partnership, and the lease of the other one-fourth undivided interest at the time of the receivership was a verbal one, running from month to month.

The receiver appointed in the second receivership proceedings, which looked to the partition of the property among the owners, was also instituted on the petition of Percy S. Campbell, and was either joined in or not resisted by the other joint owners. The judg-

ment appointing this receiver was dated July 20, 1923, and appellee Robinson was also named receiver in this cause, and was directed and empowered to make sale of the property at private sale for the purpose of partition and, in addition to this power, was directed and empowered to operate said hotel pending the final sale of the property. The receiver at once qualified ,and continued to operate the hotel from July 20, 1923, presumably under the second receivership.

While Robinson, as receiver, was operating the hotel under the first receivership, he employed appellant, S. D. Watkins, a minor, as an elevator boy, and on the 28th day of June, 1923, Watkins was seriously and permanently injured while operating an elevator in said hotel. Some time thereafter, Lula Watkins, the mother of S. D. Watkins, filed suit against Robinson, as receiver, both as next friend for S. D. Watkins and in her own behalf as sole surviving parent. This suit was tried in a district court of Dallas county on the 17th day of December, 1923, and resulted in a judgment in favor of S. D. Watkins for $5,000 and in favor of Lula Watkins for $500. From this judgment Robinson, as receiver, perfected his appeal, but no supersedeas bond was filed.

With this judgment as a basis for a claim against the receiver, appellants filed a plea of intervention in the first receivership proceedings alleging, among other things, their judgment, and that there were no funds in the hands of the receiver from the operation of the partnership business with which to pay same; and alleging further that the property had been sold for $280,000 cash, and that the proceeds of said sale had been paid into court, and praying that said proceeds of the sale be charged with the payment of their said judgment.

Upon a hearing on this plea of intervention, the court allowed in full the claim represented by the judgment, but decreed that it could only be paid out of proceeds from the operation of the partnership business that had come into the hands of the receiver while he was operating said business, and specifically denied that said claim could be a charge against the interest in the hotel property owned by Percy S. Campbell and Roy C. Campbell. As there were no funds in the hands of such receiver that could be applied under this judgment of the court to the payment of their claims, appellants duly excepted to the judgment, and have perfected their appeal to this court.

Appellant, on May 29, 1924, filed a similar plea of intervention in the cause in which the second receivership case was pending, making substantially the same allegations as in their other plea of intervention, and praying that the claim shown by their judgment be paid out of the proceeds of the sale of the hotel property. The issues made by this plea of intervention were heard by the court on May 23, 1924, and entered judgment denying all the relief sought in said plea. From this judgment, appellants have duly perfected their appeal.

To each of these pleas of intervention receiver Robinson filed answers, the gist of his contention being that, in the first receivership, under which the claims arose, he operated the hotel for the partnership business solely on leased premises, and, for which reason, there never came into his possession the fee to the property owned by the partners, and that same could not therefore be charged with a claim growing out of his receivership. In his report of the assets coming into his hands as receiver, he only reported the lease in favor of the partnership and the income resulting from the operation of the hotel; and this report further showed that there was no profit made in the operation of the hotel, and that the lease in his possession was likewise of no value.

Appellants contend that as the only lease was for an undivided one-half interest in the hotel property, and that as the two members of the partnership owned the other one-half undivided interest in the hotel property, the receiver took such title to the undivided one-half interest owned by the two members of the partnership as the law vests in a receiver of property which comes into his possession by virtue of the receivership, and, that as their judgment is based on a claim arising out of the operation of the hotel by the receiver, they are given, by statute, a lien on the undivided one-half interest in the hotel property owned individually by the members of the partnership, and that they were entitled to have judgment entered decreeing such lien in their intervention suits.

Appellee Robinson contends: (1) That the receivership of the partnership was of such a nature that appellants could only be paid their judgment out of the income from the property while he was operating it as such receiver, and that as there was no income, the judgment could not be paid; (2) that there can be no statutory lien against the individual interests in the hotel property of the two members of the partnership for the reason that, as receiver, their individual interests did not come into his possession; and, (3) that even if it did come into his possession, the statute declaring such lien has application only to an action by a mortgagee of property to foreclose his mortgage lien and secures the appointment of a receiver as an incident to such action, and does not apply to the character of receivership in the instant case.

[1-3] The undisputed evidence shows that there did not come into the hands of the receiver any funds from the earnings of the property. and, therefore, appellants cannot be paid their claim under article 2135 of the Revised Statutes. Unless appellants' claims come under the terms of article 2138, Re-

vised Statutes, the judgment of the lower court in each of these cases must be affirmed.

Article 2138 is as follows:

"All judgments rendered against a receiver for causes of action arising during the receivership shall be a lien upon all of the property in the hands of the receiver superior to the mortgage lien; and if the property should be turned back into the possession of the party or corporation who were owning same at the time of the appointment of a receiver, or any one else for them, or as their assigns or purchasers, the party or corporation so receiving said property from said receiver shall take said property charged with all of the unpaid liabilities of the receiver occurring during the receivership, to the value of the property delivered by the receiver."

Appellee insists that the phrase, "superior to the mortgage lien" used in the above statute restricts the application of the entire statute, and that it only creates a lien on property in the hands of a receiver in favor of the holder of a judgment rendered against a receiver for causes of action that arose during the receivership, in cases where the receiver was appointed under authority given by section 2 of article 2128, Revised Statutes. Said section 2 of article 2128 provides that any judge of a court of competent jurisdiction may appoint a receiver:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt."

Appointment of receivers under the above section of our receivership statute is relatively small as compared with the appointment of a receiver on other authorized grounds, and there can be no reason why the Legislature would have intended said article 2138 to be restricted in the lien it creates to the one character of receivers. The phrase, "superior to the mortgage lien," has been construed by our courts to apply only to the holder of a lien instituting the receivership proceedings under this section of the statute. When such holder of lien institutes such a proceeding, he thereby causes his lien to become subordinate to the lien created in favor of the holder of the character of judgment described in said article 2138. First National Bank of Houston v. Campbell Co., 104 Tex. 457, 140 S. W. 430; Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 773.

In our opinion the proper construction of the statute is that all judgments rendered against a receiver for causes of action arising during the receivership, are a lien upon all the property in the hands of the receiver; and, in case a receiver is appointed under the provisions of said section 2, the lien created by said statute is superior to the lien held by the mortgagee who instituted the receivership proceedings; also, that if the property held by the receiver be turned back into the possession of the owner at the time the receiver is appointed, or possession be given to any one else for such owner or to his assigns, the holder or purchaser of the said property receives it charged with this lien.

[4] The controlling inquiry, therefore, in these cases is, What property came into the possession of the receiver by virtue of the receivership proceedings? It is manifest that his possession comprehended all property that had been used by the partnership as necessary for conducting and operating the hotel business. This business could not be operated without the unrestricted possession of so much of the hotel building as was used for the purpose of conducting the hotel business. The two partners had secured the use of an undivided one half interest in this property by means of the said leases, and these leases passed to the receiver. The said partners owned the other one half interest in the property in their own right, and used this right of ownership in conjunction with the right given by the leases for the operation of the business that passed to the receiver. It necessarily follows, therefore, that the receiver took into possession a lease interest of one half of the property and the ownership interest of the two partners in the other half of the property.

[5, 6] This judgment having been rendered on a cause of action arising during the first receivership, a lien was created by the provisions of said article 2138 against the undivided one-half interest of the hotel property owned by Percy S. and Roy C. Campbell. When this property passed from appellee Robinson as receiver of the said partnership business to appellee Robinson as receiver in the second receivership proceedings, it passed charged with this lien in favor of appellants; and, when the property was sold under this second receivership, it was error for the court not to hold that so much of the proceeds of said sale as belonged to Percy S. and Roy C. Campbell was charged with the payment of this judgment.

It therefore follows that these cases should be reversed, and here rendered in favor of appellants, and, when the judgment in favor of appellants becomes final, the court is directed to order the receiver to pay the amount of the judgment out of the proceeds of the sale of the hotel property belonging to Percy S. Campbell and Roy C. Campbell, the interest of each one to be charged with payment of one-half of the judgment.

Both causes reversed, and rendered in favor of appellants.