**TEXAS POWER & LIGHT CO. v. CLARK et al.**

No. 3705.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1938.

Rehearing Denied Oct. 20, 1938.

Worsham & Worsham, Irion Worsham, Logan Ford, and Burford, Ryburn, Hincks & Charlton, all of Dallas, for appellant.

Goggans & Ritchie, of Dallas (William P. Goar, of Dallas, of counsel), for appellees.

NEALON, Chief Justice.

The Kansas City Life Insurance Company, one of two appellees in this cause, on July 7, 1932, brought this suit against Louis J. Bryan and Eupha Polk Bryan to recover on a promissory note in the sum of $75,000, and to foreclose a deed of trust lien on the Professional Building, Lot 1, Block 23, located in the City of Temple, Texas. Subse-

quently to the filing of the suit, on January 11, 1933, on application of the Kansas City Life Insurance Company, the mortgagee in the said deed of trust, E. E. Clark was appointed receiver of the Professional Building, with power to operate and receive the rents, revenues and proceeds therefrom pending the foreclosure of said mortgage lien. The receiver qualified and has since his qualification administered the property.

Texas Power & Light Company, pursuant to the order of the court, filed its plea in intervention alleging that it is incorporated for the purpose and is empowered by its charter to generate, manufacture, transport and sell electric power and energy to the public in this State; that at the dates stated it sold, conveyed and delivered to Louis Bryan-Professional Building electric power and energy of the reasonable value of $1008.79, which, with the three per cent Federal tax upon the amount paid by the consumers of $27.26, made total amount payable of $1036.05; that on October 5, 1932 Louis J. Bryan made a payment of $100 on said account, thus reducing the amount due intervener to the sum of $936.05.

Intervener further alleged that, on the date stated, Louis J. Bryan, doing business under the trade name of Professional Building, executed and delivered to intervener a promissory note, a copy of which it attached to its plea, by which he promised to pay to intervener twelve months after date the sum of $3,888.28 and the attorney's fee stated; that the note represents electric power and energy sold to Louis J. Bryan for use in the Professional Building; that by reason of the matters stated at length Louis J. Bryan is indebted to intervener for electric power and energy for the use stated a total of $5,213.16.

Intervener further alleged that the receiver has, among other disbursements, expended out of the revenues received through the operation of said building the sum of $15,396.89 for taxes and premiums on insurance on the Professional Building, as disclosed by the periodic reports of the receiver; and in addition has repaid the Kansas City Life Insurance Company out of the earnings coming into his hands through the operation of the property the several sums stated for advancements made by that Company for insurance and taxes; that the sum stated spent during the operation of the receivership is in excess of the amount due and owing intervener; that all administrative expenses of the receivership have been paid and the claim of the Texas Power & Light Company is the only claim which arose before the receivership and is unpaid.

Intervener alleges that, by reason of Article 2316 of the Revised Civil Statutes, intervener's claim as stated has a superior right to be paid out of the earnings of the property during the receivership over that of the Kansas City Life Insurance Company, and that by reason of said statute "intervener has a lien on the earnings, and that where the earnings have been diverted from their lawful course and used for the benefit of the mortgage action, intervener has a lien on the corpus of said property" not to exceed the amount of intervener's claim.

Intervener alleged demand for and refusal of payment and prays that its claim be allowed as a preference lien on the earnings, a personal judgment against Kansas City Life Insurance Company, and foreclosure of its alleged lien upon the corpus of the property.

The Kansas City Life Insurance Company and Clark, the receiver, urged a general demurrer to intervener's plea, which the court sustained, and intervener, Texas Power & Light Company, refusing to amend, its plea in intervention was dismissed, and intervener appeals.

### Opinion.

Appellant seeks to reverse the judgment of the trial court upon two grounds which we shall consider separately. First, appellant urges that Article 2316, Revised Civil Statutes, is applicable to a claim existing against an individual as well as to one against a corporation. The language of that article is as follows:

"All judgments, claims, or causes of action when determined, existing against any corporation at the time of the appointment of a receiver, shall be paid out of the earnings of such corporation while in the hands of the receiver, to the exclusion of mortgage action; and the same shall be a lien on such earnings."

By its terms the provisions of said article are limited to corporations. The language is unmistakable. There is no room for interpretation. The assignment of appellant urging this as a ground of error is overruled.

■ Next, appellant insists that its pleading states a cause of action under general principles of equity. An analysis of the pleading and an application of the principles enunciated in the adjudicated cases convince us that this position is untenable. The petition of intervention alleges that the Kansas City Life Insurance Company, the beneficiary of a deed of trust to secure the payment of $75,000 owing by Louis J. Bryan and wife, brought about the appointment of a receiver for what was known as the Professional Building in Temple. It does not allege that there was a general receiver appointed for all of the assets of Bryan or Mrs. Bryan. Neither does it allege the reasons urged for the appointment of the receiver. We must, therefore, presume that the grounds were sufficient under the statute (R.C.S. Art. 2293, par. 2). The pleading of intervener does allege that the order of appointment directed the receiver to operate the mortgage property in the manner best calculated to preserve it and the revenues thereof. It does not allege that the debtor is insolvent or that he has not other property out of which intervener's debt might be made; nor does it allege that the receiver does not have on hand, or will not hereafter collect out of the revenues of the property, sufficient to pay intervener's claim. It alleges further that intervener's debt accrued prior to the appointment of the receiver. There is no allegation that the property has sold for sufficient, or will sell for sufficient, to pay the debt secured by the deed of trust, exclusive of the amounts paid for taxes and insurance, or, in the event it has not been sold, that it will not sell for sufficient to satisfy the secured debt together with the various classes of claims listed in Article 2299 and appellant's claim.

■ This leaves before us the sole question of whether intervener's allegations make a case in which it, as a general unsecured creditor, has a claim against the earnings of the receivership superior to the claim of the secured creditor.

By Article 2319, R.C.S., it is provided:

"In all matters relating to the appointment of receivers, and to their powers, duties and liabilities, and to the powers of the court in relation thereto, the rules of equity shall govern whenever the same are not inconsistent with any provision of this chapter and the general laws of the State."

This renders necessary an inquiry into the rules of equity applicable to the situation here presented. The rule as stated in Jones on Mortgages (4th Ed.) Vol. 2, p. 417, is as follows:

"By the appointment of a receiver the mortgagee obtains an equitable claim not only upon the rents and profits actually due at the time, but also upon the rents to accrue; and his right to them is superior to that of the mortgagor's assignee in bankruptcy, or to that of any one else claiming under the mortgagor, as, for instance, his grantee who has bought subject to the mortgage, even when he has taken a note with personal security for the rent."

Of similar import is the statement of the rule in Clark on Receivers, Sect. 958.

■ The rule is stated in Corpus Juris (Vol. 42, p. 132) as follows:

"If there are conflicting claims to the fund, it will be ordered to be paid into court for distribution to those who may appear to be entitled, the money belonging primarily to the senior mortgagee, if the receiver was appointed at his instance, or if he has joined in the foreclosure proceedings, as against junior mortgagees or other creditors, and secondarily to the satisfaction of junior mortgagees and other lienors as their interest may have appeared and been adjudicated, although the law will protect a junior mortgagee who, by superior diligence in suing for foreclosure and obtaining the appointment of a receiver for his own benefit alone, has acquired a specific lien on the rents and profits superior to the equities of the prior mortgagee."

See, also, Hitz v. Jenks, 123 U.S. 297, 8 S.Ct. 143, 31 L.Ed. 156, and other cases cited in support of above quoted text. Impliedly this rule is recognized in Spencer & Co. v. Biggers, Tex.Civ.App., 108 S.W.2d 268 writ denied.

■ After carefully reviewing the authorities and applying the principles therein declared to the allegations of intervener's pleading, we find no reversible error in the action of the District Court in sustaining the general demurrer. Accordingly judgment is affirmed.