**FINGER CONTRACT SUPPLY COMPANY, Appellant,**

v.

**REPUBLIC NATIONAL BANK OF DALLAS et al., Appellees.**

**No. 16791.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 27, 1967.

Rehearing Denied March 3, 1967.

Knight, Prappas, Rowland & Caldwell, and Ellis F. Morris, Houston, for appellant.

Locke, Purnell, Boren, Laney & Neely, Dallas, Brown, Herman, Scott, Young & Dean, and Garrett & Garrett, and Rufus Garrett, Jr., Fort Worth, for appellees, Republic Nat. Bank of Dallas and Warren Donaldson.

Simon, Crowley, Wright, Ratliff & Miller, and Wayne A. Rohne, Fort Worth, for appellee, Arlington Independent School Dist.

Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., Melvin M. Diggs, U. S. Atty., Northern Dist. of Texas, and Claude D. Brown, Asst. U. S. Atty., Fort Worth, for appellee, United States.

Waggoner Carr, Atty. Gen. of Texas, John F. Pettit, Asst. Atty. Gen., Austin, for appellee, the State.

MASSEY, Chief Justice.

The action is one to determine priority in rights to monies coming into the hands of a receiver of specific corporate assets pursuant to the operation of a motel by the receiver. There was no receivership of any corporation as such. The trial court's judgment was an award of first priority in settlement of various tax claims of the United States, the State of Texas, and the Arlington Independent School District; and next to the mortgagee, Republic National Bank of Dallas and its assignee Warren Donaldson. All of the aforesaid parties are appellees. In consequence the appellant, Finger Contract Supply Company, was left with nothing to acquire out of the profits realized during receivership of the subject property in satisfaction of a deficiency judgment it had obtained against Admiral Motor Hotel of Texas, Incorporated. Because thereof said appellant perfected its appeal to this court.

Judgment affirmed in part and in part reformed and affirmed.

At the outset of our hearing the appellant conceded upon the matter of tax claim priority except as to the priority of the *ad valorem* tax claims of the State of Texas and the Arlington Independent School District. These taxes accrued upon the receivership property beginning long prior thereto. The appellant's position is grounded upon the contention that as a "lien" upon the property taxed the claims of the governmental agencies would be sound, but that such lien would not extend to profits realized from the operation of the receivership property, as to which a lien could only attach after a judgment for taxes and after a levy made under authority of the judgment. There has been neither judgment nor levy.

After the appointment of a receiver of the specific corporate assets in question, to-wit: a particular motel premises owned and operated by the greater corporate entity, Admiral Motor Hotel of Texas, Incorporated, an order was entered setting a date by which all claims to funds remaining in the hands of the receiver must be filed. Claims were filed by the governmental agencies predicated upon tax liabilities accrued.

■ Public policy demands that taxes owing by everyone against whom they are assessed, including corporations and receivers, must be paid. There is no contention in this case that the taxes in question are not justly owed. They were properly assessed and due notice was given.

Applicable Constitutional and statutory provisions are:

"Article VIII, § 15, Texas Constitution. Lien of assessment; seizure and sale of property

"Sec. 15. The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

"Art. 7172. Lien for taxes

"All taxes upon real property shall be a lien upon such property until the same shall have been paid. * * *"

"Art. 7269. Tax lien superior

"In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachments or otherwise, or where the estate of a decedent is or becomes insolvent, and the taxes assessed against such person or property, or against any of his estate remain unpaid in part or in whole, the amount of such unpaid taxes shall be a first lien upon all such property; provided, that when taxes are due by an estate of a deceased person, the lien herein provided for shall be subject to the allowances to widows and minors, funeral expenses, and expenses of last sickness. Such unpaid taxes shall be paid by the assignee, when said property has been seized by the sheriff, out of the proceeds of sale in case such property has been seized under attachment or other writ, and by the administrator or other legal representative of decedents; and, if said taxes shall not be paid, all said property may be levied on by the tax collector and sold for such taxes in whomsoever's hands it may be found."

"Art. 7048. County ad valorem, etc.

" * * * In all cases where any dealer in merchandise, wares or goods of any kind, subject to ad valorem or occupation taxes, or both, under the provisions of this law, who shall after the rendition of said merchandise, wares or goods for taxation, or after becoming liable for any occupation tax, become bankrupt or make assignment of said merchandise, wares or goods, then the tax collector shall at once demand of the receiver or assignee of said dealer payment of the amount due for said taxes by said dealer; and in case of failure of said receiver or assignee to at once pay the amount of said taxes, the said collector shall levy upon, seize and sell from the said merchandise, wares or goods, enough to satisfy the amount of said taxes, and said taxes, until paid, shall constitute a prior lien on said merchandise, goods and wares in default of said taxes."

"Art. 1.07 Lien and Recording; Failure to Withhold Taxes; Penalties; Fines, etc., Cumulative

"(1) All taxes, fines, penalties and interest due by an individual, firm, association, joint stock company, syndicate, co-

partnership, corporation, agency, trustee or receiver to the State of Texas, by virtue of this Title, shall be a preferred lien, first and prior to any and all other existing liens, contract or statutory, legal or equitable, and regardless of the time such liens originated, subject, however, to the modification hereinafter contained, upon all the property of any individual, firm, association, joint stock company, syndicate, co-partnership, corporation, agency, trustee, or receiver. This lien shall be cumulative, and in addition to the liens for taxes, fines, penalties, and interest now provided by law, and shall attach as of the date such tax or taxes are due and payable. Provided, however, before the taxes provided for in this law shall become a lien on real estate, notice thereof must be filed in the county where the real estate is located on which the lien is desired as provided in Article 1.07A of this Act. Such lien shall not be valid or effective as against any mortgagee, holder of a deed of trust, purchaser, pledgee, or judgment creditor acquiring title, lien or other right or interest before such notice has been so filed and recorded."

"Art. 7343. Similar proceedings by cities and independent school districts

" * * *

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

▪▪▪ As a general rule, a school district has no specific statutory tax lien on personal property. Only when certain facts exist bringing into operation the provisions of Articles 7269 and 7048, Vernon's Ann.Tex.Civ.St. quoted in material part above, are specific tax liens created thereon. See City of San Marcos v. Zimmerman, 361 S.W.2d 929 (Austin Civ.App.,

1962, writ ref., n. r. e.). However, the fact which created such a lien in this case was the receivership proceeding in which liens were suffered to be filed and asserted against the property. With the property so held and preserved, as in *custodia legis,* there would obviously be no sound reason for requiring any taxing agency to prosecute any claim for taxes to judgment and to obtain a levy based thereon, absent contention before the receiver that there was impropriety in the tax assessment. Otherwise expressed, we believe the mere filing of claim therefor would in law be treated as satisfying any prerequisite and otherwise bring about the application of Articles 7048 and 7269, V.A.T.S.

The very property upon which appellant had its mortgage and because of the foreclosure upon which it had deficiency judgment was a part of the property upon which the governmental agencies had assessed taxes.

▪▪▪ A receivership proceeding such as here involved, i.e. of specific corporate assets, would be within the scope of Article 7269, supra, if not by its express terms by implication. The monies coming into the hands of the receiver pursuant to the operation of specific assets (the motel) would for tax purposes have the same status and be considered and treated as though it was personal property in receivership.

▪▪▪ All claims of the State of Texas for taxes enjoy a first priority under V.A.T.S. Art. 1.07, Title 122A, "Taxation—General". Article 7343, supra, makes available to independent school districts all laws of the State for the purpose of collecting delinquent taxes, when invoked. In our opinion they have been invoked. We hold that the claims of all governmental agencies are first and prior to the claim of appellant, and that they extend to and include the funds in the hands of the receiver accumulated through operation of the receivership property.

This leaves $5,162.60 in dispute as between appellant and the appellee bank and its assignee. Such is the amount of receivership profits remaining after the taxes are paid.

■ We are of the opinion that the claim of the mortgagee Republic National Bank of Dallas and its assignee Warren Donaldson is not prior to the claim of the appellant. We hold that these claims have the same status.

Appellant bases its claim to the funds in question upon two statutes, V.A.T.S. Art. 2316, "Preference claims", and Art. 2299, "Application of funds", both under Title 42, Chapter 13, as applicable to "Receivers".

■ Undoubtedly Art. 2316 has application to receiverships of the most harsh character, those in which corporations in toto are in receivership. Texas Power & Light Co. v. Clark, 121 S.W.2d 395 (El Paso Civ.App., 1938, error refused). The instant receivership is the least harsh of those for which provision has been made by law as applied to corporations. It is one wherein the corporation has been left intact, but where only specific assets belonging to it are made the subject matter of the receivership. V.A.T.S. Business Corporation Act, Art. 7.04, "Appointment of Receiver for Specific Corporate Assets".

■ We hold that under the circumstances of this case appellant may not claim any benefit of the provisions made in Art. 2316. Its contention is that said article applies to receivership of any part of the whole of the property of a corporation not placed in receivership. While we agree that the decision in Texas Power & Light Co. v. Clark is not precisely to such effect we believe that the contention is without merit and that the propriety of our holding necessarily follows. The language of the statute is clear and unmistakable—through words necessarily implied—that it is the corporation's earnings when the entire corporation is the subject of receivership which are contemplated rather than earnings of any particular property placed in receivership. To such the statute is without application.

Article 2299 contains six classes of claims listed in respect to priority of right to monies coming into the hands of the receiver. Without doubt the first five (5) so listed have relation to obligations incurred through the receivership proceeding itself and the obligations accruing against the receiver pursuant to operation of properties in receivership and during the period thereof. There is a material question relative to the provision of the sixth (6th) class. We quote the article: "Art. 2299, Application of funds. All moneys that come into the hands of a receiver as such receiver shall be applied as follows, to the payment: * * * 6. Of all judgments recovered against persons or corporations in suits brought before the receiver in the action."

There seems to be no case defining what is meant by the language above quoted. Appellant contends that said language means the same thing as, or includes, "All judgments recovered against any corporation pursuant to suits brought before the appointment of a receiver * * *." If such be its meaning then the provision would differ only slightly from the provision made by Art. 2316, which we have held to be without application to the particular kind of receivership under consideration. The difference, however, is material in that—unlike Art. 2316 in the case of receivership as to an entire corporation —there is no provision for the distribution of funds "to the exclusion of mortgage action".

■ We have concluded that the proper construction of the language in subsection 6 of Art. 2299 is in accord with the appellant's contention.

Apparently the first statute enacted upon the subject matter was by the Twen-

tieth Legislature, Regular Session, General Laws, 1887, page 119 et seq., as Chapter 131. What may be treated as Sec. 6 thereof provided for all monies coming into the hands of a receiver, as such, to be distributed in manner like unto that of the first five subsections of the present Art. 2299,—then with the provision that said monies to be applied to "all judgments recovered against the person or persons or corporations in suits brought before the appointment of a receiver in the action", to be a lien on the funds in his hands.

This statute was amended by the Twenty-first Legislature, Regular Session, General Laws, 1889, page 55 et seq., as Chapter 59. Unchanged therein is the provision that said monies were to be applied to "all judgments recovered against the person or persons or corporations in suits brought before the appointment of a receiver in the action". Added was this language: "And said claims shall have a preference lien on all of the moneys coming into the hands of the receiver which are the earnings of the property * * *."

When the Texas Statutes were revised in 1925 the Commission, pursuant to H.B. No.690, Ch. 159, General Laws of Texas as enacted by the 38th Legislature of 1923, clarified the aforesaid (then existent as Art. 2135, and renumbered as Art. 2299 of the Revised Statutes of 1925) under legislative instructions. H.B.No.690, in setting up the Commission, provided in Section 2 thereof as follows: "They shall omit from all statutes useless, contradictory, and confusing language, and express the purpose of the law in simple language; they shall harmonize conflicting statutes, or parts thereof, by rewriting, omissions, or additions, and shall generally make such changes, additions, or omissions as they may deem necessary to reduce in volume the general statutes of the State and make them harmonious, plain, concise and complete."

Pursuant to such legislative intent, the Commission rewrote the last provision of Art. 2299 so as to cause it to read as heretofore indicated, and which we repeat: "All moneys that come into the hands of a receiver as such receiver shall be applied as follows, to the payment: * * * 6. Of all judgments recovered against persons or corporations in suits brought before the receiver in the action. As to all money coming into the hands of a receiver which are the earnings of the property in his hands, said claims shall have a preference lien on the same * * *."

In concluding that a proper construction should be in accord with appellant's contention, we have applied the rules of statutory construction discussed in 53 Tex.Jur. 2d 168, et seq., "Statutes", the sections under Part XII, "Construction". We forego discussion, though noting particularly Secs. 119, 122, 125 and 166.

To so construe Art. 2299, however, does not mean that appellant shall take the full amount remaining of the monies which came into the hands of the receiver as earnings of the receivership property. Appellee Republic National Bank of Dallas brought its suit on February 22, 1965. In the same suit it made application for the appointment of a receiver on May 20, 1965. The receiver was appointed by order signed and entered June 1, 1965. Though the said appellee bank's suit was "a mortgage action" there is nothing to be found in Art. 2299 which provides that payment and distribution of the earnings of the property in the hands of the receiver during receivership should be to the exclusion of any mortgage action. True, there is such a provision in Art. 2316 applicable to instances where a corporation as an entirety is in receivership and perhaps reason might exist justifying legislative action to make the same provision as to subsection 6 of Art. 2299. See First Nat. Bank of Houston v. J. I. Campbell Co., 104 Tex. 457, 140 S.W. 430 (1911). The fact remains that no legislature has seen fit to so provide. Therefore, since appellee Republic National Bank of Dallas filed its suit

before the appointment of a receiver for the subject property of the Admiral Motor Hotel of Texas, Incorporated, and since the amount owing on the judgment it obtained pursuant to said action, after foreclosure and sale of the mortgage property, left a deficiency owing, its deficiency judgment has the same status as the deficiency judgment of the appellant, after payment of taxes. The resulting amount in controversy is $5,162.60. Of this, appellant is entitled to $118.74 and the bank and its assignee to $5,043.86. The figures result from our calculation of a proper apportionment.

■ It is only by reason of the provisions of Art. 2299 that appellant is entitled to share with appellee bank in the fund. But for its provisions general rules would apply. Under general rules the profits would stand in the same category as the mortgaged premises, and the bank, as senior mortgagee initiating the appointment of the receiver, would have a primary right thereto. Texas Power & Light Co. v. Clark, supra, 121 S.W.2d at p. 397.

As applied to that portion of the judgment of the trial court relating to the priority of tax claims of those appellees which are the interested governmental agencies the same is affirmed.

As applied to that portion of the judgment of the trial court relating to the priority of claims of the appellees Republic National Bank of Dallas and its assignee Warren Donaldson, as against the appellant Finger Contract Supply Company, the same is reformed and as reformed affirmed. Judgment is here rendered that of $5,162.60 in the registry of the trial court as the remainder of monies earned by the receivership property during receivership, Finger Contract Supply Company shall have and receive the sum of $118.74. Judgment is here rendered that Republic National Bank of Dallas and Warren Donaldson shall have and receive the sum of $5,043.86. Cost of the appeal is adjudged against Finger Contract Supply Company and those in the trial court adjudged as decreed therein.